IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05190-PAB

JOSE BAUDILIO PIMENTEL JIMENEZ,

Petitioner,

v.

NATHAN RASPER, in his official capacity,
TODD LYONS, DHS,
JUAN BALTAZAR, Warden, and
TODD BLANCHE, Attorney General,

Respondents.

---

ORDER

---

This matter is before the Court on Petitioner Jose Baudilio Pimentel Jimenez's pro se Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondents filed a response. Docket No. 6.

## I. BACKGROUND

Petitioner was a federal immigration detainee who was detained at the Aurora Detention Center in Aurora, Colorado. Petitioner, through counsel, also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in *Pimentel Jimenez v. Baltazar*, No. 26-cv-05075-CNS. On October 21, 2026, United States District Judge Charlotte N. Sweeney ordered that petitioner be released from custody. *Pimentel Jimenez*, No. 26-cv-05075-CNS, Docket No. 6. Pursuant to that order, petitioner was released from custody on October 23, 2026. *Id.*, Docket No. 10.

## II. ANALYSIS

Under 28 U.S.C. § 2244(a), a court need not entertain a habeas corpus application "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255," which is inapplicable here. *See Stanko v. Davis*, 617 F.3d 1262, 1272 (10th Cir. 2010) (holding that § 2241 petitions are subject to the bar in § 2244(a)). The petition is therefore subject to dismissal based on the order for petitioner's release from custody in *Pimentel Jimenez,* No. 26-cv-05075-CNS.

Additionally, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Federal courts have no authority to give an opinion upon a question that is moot due to events that occur during the pendency of the action. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

When a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any

time; or (4) it is a properly certified class action suit." *Riley v. INS.*, 310 F.3d 1253, 1257 (10th Cir. 2002).

The record before the Court indicates that petitioner was released from custody on October 23, 2026. There is no indication in the file that any of the *Riley* exceptions apply. The petition is therefore likewise moot.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED as successive and moot**. It is further

**ORDERED** that this action is **DISMISSED without prejudice.**

DATED October 27, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge